UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LISA D. PERRAN,

    Plaintiff,

v.                                     Case No.: 3:09cv492/MCR/EMT

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

**ORDER GOVERNING USAGE AND DESTRUCTION OF PRIVATE HEALTH INFORMATION IN ACCORDANCE WITH THE HEALTH INSURANCE PORTABILITY AND ACOUNTABILITY ACT OF 1996 ("HIPAA")**

    **THIS CAUSE**, having come before the Court on Consent by all parties for a HIPAA-Qualified Protective Order Limiting Usage and Re-Disclosure of Protected Health Information, and the Court being otherwise duly advised in the premises, it is hereby

    **ADJUDGED THAT:**

    1.    The requirements of the federal Health Insurance Portability and Accountability Act of 1996 regarding disclosure and usage of private health information are appropriate for application to the medical record disclosure in this matter and are appropriate for this litigation;

**THEREFORE, IT IS HEREBY ORDERED THAT:**

    2.    In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) & (v), the Court hereby institutes a **HIPAA- QUALIFIED PROTECTIVE ORDER**, as that term is defined in the foregoing regulations, and requires for information obtained by subpoena that all parties be:

        i.    Prohibited from using or disclosing private health information ("PHI") as defined by HIPAA for any purpose other than the litigation of the above-styled lawsuit; and

      ii. Required to return to the disclosing entity or destroy the PHI (including all copies made) at the conclusion of the litigation of the above-styled lawsuit. ("Conclusion" is not defined by HIPAA, but should be understood to include the time for any record retention requirements and statute of limitations applicable to a party or party's counsel. "Litigation" is not defined by HIPAA but should be understood to include all appellate proceedings at any level or the expiration of the time to commence such further appellate proceedings without appeal).

3. Based upon this **HIPPA QUALIFIED PROTECTIVE ORDER** and commencing immediately from the date of this Order, all persons, including, but not limited to, physicians and other medical providers for Plaintiff Lisa D. Perran, shall **COMPLY** with, and are hereby **AUTHORIZED AND ORDERED** to use or disclose PHI of Plaintiff Lisa D. Perran, to which no objection has been timely filed and any and all other subpoenas served upon them at any time in the course of this litigation. This **HIPAA QUALIFIED PROTECTIVE ORDER** applies only to PHI provided pursuant to subpoena in the above-styled litigation and does not apply to information obtained in any other manner such as by plaintiff's own request or authorization.

### Interrogatories, Requests for Production, Requests for Copies & Expert Communications

4. In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(I) and for purposes of compliance with HIPAA, without any waiver of right to prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, and designees of each party or party's legal counsel in this case, including, but not limited to, the LAW OFFICE OF RUSSELL H. REIN, P.A.; LAW OFFICE OF R. JOHN WESTBERRY, P.A.; and ALSTON & BIRD, L.L.P, are expressly and specifically **AUTHORIZED** and **ORDERED** to:

    (a) Respond to valid Requests for Production or Interrogatories served pursuant to the Federal Rules of Civil Procedure in the above-styled litigation seeking PHI.

    (b) Respond to valid and timely Requests for Copies served pursuant to the Federal Rules of Civil Procedure in the above-styled litigation for production of documents and things without deposition concerning

Case No.: 3:09cv492/MCR/EMT

PHI; and

(c) Respond to each one of a party's own expert(s) who requests, either orally or in writing, PHI for purposes of reviewing the above-styled litigation in whole or in part, whether the expert is a consulting or trial expert and whether the expert is considered retained for compensation or non-retained, by disclosing such requested PHI under restrictions expressed herein.

5. The command of the Court in this order is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in Paragraph No. 2 above.

## Depositions

6. In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(I) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs, fees, and expenses, or any other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition in the above-styled litigation, including, but not limited to a party, fact witness, records custodian, expert, treating physician, or health care provider of any type, is expressly and specifically **AUTHORIZED** and **ORDERED** to use or disclose to the attorneys, employees, agents, and designees of each party or each party's legal counsel in this case the PHI of a party that is responsive to deposition questions or a valid subpoena *duces tecum* at any such duly noticed deposition in the above-styled litigation.

7. The command of the Court herein is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in Paragraph No. 2 above.

## Judicial Proceedings

8. In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(I) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs, fees, and expenses or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding

related to this litigation, including but not limited to trial, are specifically and expressly **AUTHORIZED** and **ORDERED** to use and disclose PHI of a party in any form at such judicial proceeding.

     9.    The command of the Court in this order is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in Paragraph No. 2 above.

**Court Reporter, Photocopying & Other Designated Service Providers of a Party**

     10.    Pursuant to 45 C.F.R. § 162.512(e)(1)(I) and in compliance with HIPAA, without waiver of any right to prepayment of costs or other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically **AUTHORIZED and ORDERED** to do so with, to, or before any court reporter service, videography service, translation service, photocopy service, document management service, records management service, graphics service or other such litigation service, designated by a party or party's legal counsel in this litigation. The protections and requirement of Paragraph No. 2 above specifically apply to any such service so designated to receive or review PHI. Each party or the party's legal counsel is charged with giving notice of the obligations imposed by this Order to any such service the party or counsel so designates; and is further charged with obtaining advance consent of such service to comply fully with this Paragraph. Upon such consent, the service will be deemed to have been voluntarily submitted to the Court's jurisdiction during the pendency of this litigation for purposes of enforcement of this Paragraph.

**Miscellaneous Provisions**

     12.    PHI created prior to March 9, 1999 (10 years prior to the date of the incident underlying this litigation) shall not be disclosed unless it relates to the bodily injuries claims asserted by the Plaintiff (to include, but not be limited to, type or character of injuries applicable).

     13.    Unless a motion for enforcement of this ORDER has been filed in this case and remains pending at the time, this Order shall expire upon the conclusion of this

litigation by any dismissal or by final judgment, through and including all appellate proceedings, unless the time for commencing such proceedings has expired without appeal.

14. A copy of the Order shall be valid as an original.

**DONE AND ORDERED** at Pensacola, Escambia County, Florida, on this 24th day of March, 2010.

                          *s/ M. Casey Rodgers*
                         **M. CASEY RODGERS**
                         **UNITED STATES DISTRICT JUDGE**